EDWARD A. SHOOK AND AARON W. SHOOK, impleaded with JOHN MYERS,

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*liability of surety where the principal is taken by military authority*. Where M. was in jail, on indictment for larceny, and S. voluntarily became his bail, and took him to another county for the purpose of putting him in the army as a substitute, as a matter of speculation, and an officer of the United States took M. from the surety as a deserter, and sent him to his command to serve two more years, *held*, that these facts did not discharge the surety from his liability under the bail bond, in a proceeding by *scire facias*, upon a forfeiture thereof.

AGREED case from the Circuit Court of St. Clair county.

The facts of this case sufficiently appear in the opinion of the Court.

Mr. W. H. SNYDER, with whom was Mr. G. KOERNER, for the appellants.

A soldier, charged with an offense against the civil law, might, perhaps, be surrendered by military officers, in a case where he had committed no offense against the rules of war prior to his offense against the civil law. But no person charged with the highest crime known to military law would have been delivered over to any other than a military authority. It was, therefore, impossible for the sureties to comply with the bond.

Mr. J. B. HAY, State's attorney, with whom was Mr. C. M. MORRISON, State's attorney, for the people.

By the thirty-third article of war it is made the duty of the commanding officer, upon application duly made, to surrender to the civil authorities, for trial, any soldier charged with crime. Brightly's Digest, 76.   See also *Brown* v. *People*, 26 Ill. 28; *Mix* v. *People*, id. 32; Hurd on Habeas Corpus, 67; *Devine* v. *The State*, 5 Sneed (Tenn.) 624.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a *scire facias* on a recognizance declared forfeited by a judgment on a default, in the St. Clair Circuit Court. A trial was had in the court below on this agreed state of facts:

" That one John Myers, on the 27th day of September, 1864, with Edward A. Shook and Aaron W. Shook as his sureties, entered into a recognizance for the personal appearance of John Myers at the October Term of said St. Clair Circuit Court, 1864, to answer an indictment for larceny. That the record evidence sustained all the allegations in the *scire facias*. That the Shooks, by entering into the recognizance, had Myers released thereby from confinement in the jail of said county, for the purpose of taking Myers to Alton, Illinois, and there putting him in the army of the United States, as a substitute

for any one desiring to pay for him as such; that the Shooks did take him there and presented him as a substitute to the provost marshal, who recognized Myers as a deserter from the army, and took him from Shook and forwarded him to his command; that when Myers was taken from Shook he had two years of an unexpired term of three years' service yet to perform; there was no proof that Myers was dead, or had not been discharged from the army at the time of the trial of the case."

It was by the voluntary act of the securities in the recognizance, that Myers escaped a trial. Had it not been they expected to profit by disposing of his services as a substitute, as a matter of speculation or profit, it is not probable they would have entered into the recognizance. But finding themselves disappointed in their expectations, they now seek to avoid their liability. Had Myers, after he was released, made his escape from his bail, their situation would have been the same as it is under existing circumstances. Myers, in that case, would have acted in bad faith by deceiving them, and he only did the same by failing to disclose the fact that he was a deserter. The people of the State through none of its officers authorized to act in the matter have deprived appellants of any right; nor have they deceived them or interposed the slightest obstruction to the production of Myers in discharge of their recognizance. And having done no act, we are unable to perceive why they should insist that the people of the State have discharged them from their obligation to have the body of Myers to answer the charge preferred against him.

According to the army regulations, by making proper application to the designated military authorities, bail have the means of acquiring the possession of the principal in the recognizance, to answer to the charge preferred against him, for crime committed against the laws of the State. But no such steps appear to have been taken by them. They have, by their own voluntary act, released him from custody on the criminal charge, and with perfect apathy contemplate the consequences of their act, without the least effort on their part to repair the injury

to the community or save themselves from the liability which they have incurred. When they undertook to make the speculation, as we suppose they did, they assumed all of the hazards attending it; having failed in their design, it forms no reason in law, or even in morals, why they should be released from the recognizance. They have undertaken that he should be present in court, to answer the charge against him, and, having failed to have him there, they must be held to discharge the other condition of the recognizance, by paying the money as they agreed; and must be left to pursue their remedy, if any they have, against their principal.

The judgment of the court below must be affirmed.

*Judgment affirmed.*